Colleen Faye WALKUSCH, Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS for and on Behalf of LARIMER COUNTY, COLORADO, Defendant.**

Civ. A. No. 85–C–1001.

United States District Court,
D. Colorado.

Jan. 27, 1986.

Russell H. Nichols, Loveland, Colo., for plaintiff.

Cathy S. Harris, Hall and Evans, Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff in her amended complaint has asserted three claims for relief against the District Attorney and two Deputy District Attorneys of the Eighth Judicial District of Colorado. Two of the claims are brought under 42 U.S.C. § 1983 (1982) for deprivation of civil rights. The third is a pendent state claim for outrageous conduct. Defendants have moved to dismiss the first

two claims on the ground that they are immune from liability. They have moved to dismiss the pendent state claim on the ground that this court has no jurisdiction to hear it. Federal jurisdiction is based on 28 U.S.C. § 1331 (1982). The parties have briefed the issues, and oral argument would not assist in resolving them.

The facts in this case are largely undisputed, and seen in a light most favorable to the plaintiff reveal the following. On March 1, 1984, the plaintiff received a summons and complaint from a Fort Collins police officer charging her with misdemeanor theft after she had been accused by a store detective while shopping. On March 2, an attorney entered an appearance for the plaintiff, and on March 15, the plaintiff entered a plea of not guilty. On or about March 20, 1984, the defendant Rottersman moved to dismiss the case pursuant to Colo.R.Crim.P. 48(a) because she had determined that the value of the items in question was over $200, and therefore the crime could be charged as a class IV felony under Colo.Rev.Stat. § 18–4–401(2)(c) (1973). Defendants gave no notice to the plaintiff of their intention to seek dismissal of the case, and at a hearing on March 23, of which the plaintiff had no notice, the case was dismissed.

On April 2, 1984, the defendant Roselle filed a felony theft charge against the plaintiff in the state district court. Roselle requested an arrest warrant for the plaintiff at the time the new case was filed, and a warrant was issued the same day. On April 12, 1984, the plaintiff was arrested at or near her place of employment. She was taken first to the Larimer County Detention Center and then to the Larimer County Courthouse. Later that same day she was released from custody on a personal recognizance bond.

Sometime later, the defendants learned that the items in question had been on sale and that their value based on the special sale price was less than $200. Accordingly, the defendants sought dismissal of the felony case and it was dismissed on June 27, 1984. Meanwhile, a new summons and complaint was issued on June 24, again charging the plaintiff with misdemeanor theft. That case was ultimately dismissed for violation of the plaintiff's statutory right to speedy trial. This action was commenced on April 10, 1985.

In her First Claim for Relief, the plaintiff alleges that the dismissal of the original misdemeanor charge without notice to her, and the filing of the felony charge, amounted to a violation of her right to assistance of counsel guaranteed by the sixth amendment to the United States Constitution. In her Second Claim for Relief, she alleges that the dismissal of the initial misdemeanor charge coupled with the pre-planned filing of a felony charge deprived her of her sixth amendment right to a speedy trial. I find and conclude for the reasons below set forth that these claims must be dismissed because the defendants enjoy an absolute immunity from suit.

Section 1983 contains no express grant of immunity from liability for violation of its strictures. However, the statute must be read against a common law background of official immunity. *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). "Because of the need to preserve a prosecutor's independent decision-making and to prevent undue deflection of attention from public duties, prosecutors have long enjoyed absolute immunity at common law for performing certain quasi-judicial functions." *Higgs v. District Court,* 713 P.2d 840, 850 IX Brief Times Reporter 1648, 1653 (December 2, 1985). The Supreme Court recognized an absolute immunity for prosecutors in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Prosecutors, like judges, must exercise discretionary judgment on the basis of evidence developed in the course of a formal criminal proceeding, and the functional similarity of their duties in such instances accounts for the characterization of prosecutorial immunity as 'quasi-judicial.'" *Higgs* at 850, citing *Imbler.*

Prosecutors, however, are not entitled to absolute immunity from liability

for all actions taken in pursuing a criminal prosecution.

"[A] prosecutor receives absolute immunity only when he acts as an "advocate," that is, in his role as a participant in the judicial phase of the criminal process. When a prosecutor acts in any other capacity, the rationale for absolute immunity dissolves and the prosecutor receives only the lesser, qualified immunity." *Gray v. Bell,* 712 F.2d 490, 499 (D.C.Cir. 1983), *cert. denied* [465 U.S. 1100], 104 S.Ct. 1593 [80 L.Ed.2d 125] (1984).

To determine whether a prosecutor is acting as an advocate or in some other capacity, a functional test is used. *Higgs* at 850–51, *Gray* at 500–02; *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir.1980), *cert. denied, Rashkind v. Marrero,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981); *Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir.1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974); *Robichaud v. Ronan,* 351 F.2d 533 (9th Cir. 1965).

 While there are a number of factors that may be considered in determining the role in which a prosecutor is functioning while performing the challenged conduct, this case requires no such analysis. The conduct complained of is that of dismissing a case and refiling a second case. This is clearly advocatory, and not administrative or investigatory. *See Higgs* at 850–51. The conduct complained of here is virtually identical to that complained of in *Imbler,* where the Supreme Court held that a prosecutor is absolutely immune from liability for actions taken "in initiating a prosecution and in presenting the State's case." 424 U.S. at 431, 96 S.Ct. at 995. *See also, Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (Agency officials entitled to absolute immunity from suits arising out of "[t]he decision to initiate administrative proceedings" and "the presentation of evidence on the record in the course of an adjudication." *Id.* at 515, 98 S.Ct. at 2915). Dismissal of a case is likewise purely within the realm of a prosecutor's advocatory functions.

 Even if I were to rule that the defendants are only entitled to qualified immunity, I would have to grant summary judgment in their favor. In order to overcome a motion for summary judgment on the basis of a qualified immunity, a plaintiff in a § 1983 case must show that the constitutional rights for violation of which she is seeking redress were clearly established at the time of the alleged deprivation. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). While the right to counsel and the right to speedy trial are clear, plaintiff has proffered no case to suggest that the actions taken by the defendants clearly violated these provisions, and my own research has found none.

 The sole remaining claim in this case is a pendent state claim. Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), I have only very limited power to exercise jurisdiction over pendent state claims in the absence of any cognizable federal claims. The circumstances that would warrant such an exercise of pendent jurisdiction are not present here, and therefore the Third Claim for Relief will be dismissed without prejudice.

Accordingly, it is ordered that the defendants' motion to dismiss is granted. The plaintiff's First and Second Claims for Relief are dismissed with prejudice. The Third Claim for Relief is dismissed without prejudice. The complaint and action in this case are dismissed. Each party shall bear his or her own costs.